Chief Justice Bobuhtson,
delivered the opinion of the court.
Bv the 2nd sec. cf the act of 1828, (session acts, p. 228) justices of the peace are vested with jurisdiction concurrantly with the circuit courts, in all cases of contract, express or implied, written or parol, for the payment of money or property, or for the performance of any act or duty, for breach of which, the plaintiff shall claim moio than five pounds and not ceeding §50. v
This enactment embraces all contracts, for breach of which, the damages are fixed by law, or by the contract, or may be ascertained by the application of a nate rule or standard of value,
It has been decided, that if does not apply to contracts to marry; because tiro amount of damages to which the plaintiff may be entitled, cannot be calculated by any fixed standard of value. Nor does it apply to penal obligations, the penalty of which exceeds §50.
But it applies, without doubt, to covenants (such as that, in this case) to pay rent, clear ground, or repair houses, &c. The defendant in error, recovered a judgment in the circuí t court, for §5 G21-2 cents for breach of covenant. The court rendered judgment in his favor for his costs. As a justice of the peace had diction of the case, the defendant in error was not, but the plaintiff in error was, entitled to a judgment for costs, no plea of set off, or notice of spt oflj having been filed.
The plaintiff in error has not questioned the judg-. ment on the verdict. He complains only of the judg-. ment for costs; as that must he reversed, he will be entitled to his costs in this court.
Wherefore, the judgment for costs is reversed, and the cause remanded, with instructions to render judgment for the plaintiff in error for his coste.